**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARY VANDERMEULEN,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CHARLES L. RYAN; et al.,<br><br>Defendants-Appellees. | No. 18-17198<br><br>D.C. No. 2:17-cv-03828-JAT-DMF<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted July 15, 2019**

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Cary VanDerMeulen appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging a variety of constitutional claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for

failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  *Barren v. Harrington*,

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed VanDerMeulen's action because VanDerMeulen failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002) (requirements for denial of access-to-courts claim); *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (to challenge his conditions of confinement, a prisoner must show both that he was subjected to a sufficiently serious deprivation and that defendants knew of and disregarded an excessive risk to his health or safety); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (requirements for establishing municipal liability claim); *Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (elements of a § 1983 free exercise claim); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of retaliation claim in prison context); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (elements of deliberate indifference to serious medical needs claim).

The district court did not abuse its discretion in declining to grant

VanDerMeulen leave to amend, or in denying his motion for an extension of time, because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile . . . ."); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (a district court's discretion to deny leave to amend is particularly broad when it has already granted leave to amend); *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 826 (9th Cir. 2002) ("District court judges . . . have ample discretion to control their dockets." (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**